**CT Corporation**

**Service of Process Transmittal**
09/20/2010
CT Log Number 517304546

**TO:** Sandi Ostler
Asset Acceptance LLC
28405 Van Dyke Avenue
Warren, MI 48093

**RE:** **Process Served in Texas**

**FOR:** Asset Acceptance, LLC (Domestic State: DE)

RECEIVED SEP 2 2 2010

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Mark Myers, Pltf. vs. Asset Acceptance, LLC, Dft. |
| **DOCUMENT(S) SERVED:** | Citation, Original Petition, Information Sheet, Instructions |
| **COURT/AGENCY:** | 192nd Judicial District Court Dallas County, TX |
| | Case # DC1011227K |
| **NATURE OF ACTION:** | Violations of the FDCPA |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Dallas, TX |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 09/20/2010 at 13:18 |
| **APPEARANCE OR ANSWER DUE:** | By 10:00 a.m. on the Monday next following the expiration of 20 days |
| **ATTORNEY(S) / SENDER(S):** | Dennis R. Kurz |
| | Weisberg and Meyers, LLC |
| | 5925 Almeda Road |
| | #20818 |
| | Houston, TX 77004 |
| | 512-436-0036 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex 2 Day, 793931048542 |
| | Email Notification, Nicole Blumenschein nblumenschein@assetacceptance.com |
| | Email Notification, Sandi Ostler sostler@assetacceptance.com |
| **SIGNED:** | C T Corporation System |
| **PER:** | Beatrice Casarez |
| **ADDRESS:** | 350 North St Paul Street |
| | Suite 2900 |
| | Dallas, TX 75201 |
| **TELEPHONE:** | 214-932-3601 |

Page 1 of  1 / MN

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

**EXHIBIT B**

**FORM NO. 353-3 - CITATION**

# THE STATE OF TEXAS

To:

ASSET ACCEPTANCE, LLC,
ITS REGISTERED AGENT, C T CORPORATION SYSTEM
350 N. ST. PAUL ST., STE 2900
DALLAS, TX 75201-4234

GREETINGS:
You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and PLAINTIFF'S ORIGINAL PETITION a default judgment may be taken against you. Your answer should be addressed to the clerk of the 192nd District Court at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being MARK MYERS,

Filed in said Court 30th day of August, 2010 against

ASSET ACCEPTANCE, LLC,

For Suit, said suit being numbered DC-10-11227-K the nature of which demand is as follows:
Suit on  CNTR CNSMR COM DEBT etc. as shown on said petition,
a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: GARY FITZSIMMONS, Clerk of the District Courts of Dallas, County, Texas.
Given under my name and the Seal of said Court at office this 8th day of September, 2010.

ATTEST: GARY FITZSIMMONS, Clerk of the District Courts of Dallas County, Texas

By: _____
        EVETTE LAMB

| | |
|---|---|
| MAIL ATTY | |
| **CITATION** | |
| DC-10-11227-K | |
| MARK MYERS,<br>vs.<br>ASSET ACCEPTANCE, LLC, | |
| ISSUED THIS<br>8th day of September, 2010 | |
| GARY FITZSIMMONS<br>Clerk District Courts,<br>Dallas County, Texas | |
| By: EVETTE LAMB, Deputy | |
| **Attorney for Plaintiff**<br>Dennis Kurz<br>108 East 46th Street<br>Austin, Tx 78751<br>512-436-0036 | |

10-11297

CAUSE NO.

*FILED*

2010 AUG 30 PM 12:08

|                          |   |                          |
|--------------------------|---|--------------------------|
| MARK MYERS,              | § | IN THE DISTRICT COURT    |
| Plaintiff                | § | GARY FITZSIMMONS         |
|                          | § | DISTRICT CLERK           |
|                          | § | DALLAS CO., TEXAS        |
| v.                       | § | _____DEPUTY     |
|                          | § | 192 JUDICIAL DISTRICT    |
|                          | § |                          |
| ASSET ACCEPTANCE, LLC,   | § |                          |
| Defendant                | § | DALLAS COUNTY, TEXAS     |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

### A.   Discovery Control Plan

1.     The plaintiff intends that discovery in this case shall be conducted under Level One as set forth in Tex. R.Civ.P. Rule 190.1 because this suit involves only monetary relief totaling $50,000 or less, excluding court costs, prejudgment interest and attorney's fees.

### B.   Preliminary Statement

2.     This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereafter the FDCPA), 15 U.S.C. § 1692, *et esq.*, the Texas Debt Collection Practices Act (hereafter the TDCPA), the Texas Deceptive Trade Practices Act (hereafter the TDPA), and Common Law Invasion of Privacy by Intrusion.

### C.   Parties

3.     Plaintiff, Mark Myers ("Plaintiff"), is a natural person residing in Dallas County. Plaintiff is a consumer as defined by the FDCPA, 15 U.S.C. § 1692a(3) and the Texas Business and Commerce Code section §17.50(a)(1) and Texas Finance Code §392.001(1).

Plaintiff's Original Petition

4.     Defendant, Asset Acceptance, LLC ("Defendant") is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5) and by Tex. Fin. Code Ann. § 392.001(6).

5.     Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and by Tex. Fin. Code Ann. § 392.001(2).

### D.   Venue

6.     Venue of this action is proper in the county of suit because all or a substantial part of the events giving rise to the claim occurred in this County.

### E.   Factual Allegations

7.     Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

8.     Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes and Plaintiff incurred the obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant.

9.     Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

10.    Defendant repeatedly demanded the sum of $371.38 from Plaintiff, falsely representing that Plaintiff owed an alleged debt, when in fact Plaintiff had a credit in the amount of $0.43 with the original creditor.  (15 U.S.C. 1692e(2)(A)).

Plaintiff's Original Petition

11.     Defendant's actions constitute conduct highly offensive to a reasonable person, and as a result of Defendant's behavior Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental aguish and/or emotional distress.

12.     As a result of the above violations of the FDCPA, Plaintiff suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress, and Defendants are liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

### F.  Count I--FDCPA

13.     Plaintiff repeats and re-alleges each and every allegation contained above.

14.     Defendant's aforementioned conduct violated the FDCPA.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a) Adjudging that Defendant violated the FDCPA;

   b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

   c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

   d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

   e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

   f) Awarding such other and further relief as the Court may deem just and proper.

### G.  Count II--TDCPA

15.     Defendant violated the Texas Debt Collection Practices Act in one or more of the following ways:

Plaintiff's Original Petition

    a. Misrepresenting the character, extent, or amount of a consumer debt, or

       misrepresenting the consumer debt's status in a judicial or governmental

       proceeding (Tex Fin Code § 392.304(a)(8));

    b. Using false representations or deceptive means to collect a debt or obtain

       information concerning a consumer, including (Tex Fin Code § 392.304(a)(19)).

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that Defendant violated the TDCPA;

    b) Awarding Plaintiff statutory damages pursuant to the TDCPA;

    c) Awarding Plaintiff actual damages pursuant to the TDCPA;

    d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

    e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be

       allowed under the law;

    f) Awarding such other and further relief as the Court may deem just and proper.

## I.   Count III—DTPA

16.    Plaintiff reincorporates by reference herein all prior paragraphs above.

17.    This suit is brought, in part, under the authority of Tex. Bus. & Com. Code § 17.41 et seq., commonly known as the Deceptive Trade Practices and Plaintiff Protection Act and cited in this petition as the "DTPA".

18.    Defendant was given notice in writing of the claims made in this Petition more than sixty days before this suit was filed in the manner and form required by DTPA §17.505 (a).

19.    Defendant made numerous material misrepresentations in an attempt to collect the purported consumer debt as detailed above.

20.     Defendant knew or should have known that its representations were false and/or acted in reckless disregard for the truth or falsity of its representations.

21.     Defendant's actions were done maliciously and in willful, wanton and reckless disregard for the rights of the Plaintiff.

22.     Defendant's actions as detailed above constitute a violation of the Texas Deceptive Trade Practices Act, Tex. Bus. & Com. Code § 17.41.

23.     The conduct described above has been and is a producing and proximate cause of damages to Plaintiff.  Plaintiff's damages include: Statutory damages of at least $100.00 per violation, actual/economic damages, emotional and/or mental anguish damages, exemplary/punitive damages, and Plaintiff's attorneys' fees and costs.

24.     Additionally, Plaintiff seeks an award of discretionary additional damages in an amount not to exceed three times the amount of economic damages if Defendant's conduct is found to have been committed knowingly; or an amount not to exceed three times the amount of economic and mental anguish damages if Defendants' conduct is found to have been committed intentionally.

25.     Plaintiff seeks reasonable and necessary attorney's fees in this case through the time judgment is entered and for any post-trial or post-judgment appeals, to be detailed through a statement of services submitted at the appropriate time.

WHEREFORE, Plaintiff prays for relief and judgment as follows:

a)      a declaratory judgment be entered that Defendant's conduct violated the DTPA;

b)      an award for all actual damages, exemplary damages, emotional/mental anguish damages and all statutory additional damages, all attorneys

Page 5 of 7

Plaintiff's Original Petition

fees, costs of court,   and pre-judgment and post-judgment interest at the highest lawful rates.

c)   an award of discretionary additional damages in an amount not to exceed three   times the amount of economic damages if Defendant's conduct is found to   have   been committed knowingly; or an amount not to exceed three times the   amount of   economic and mental anguish damages if Defendant's conduct is   found to have been committed intentionally.

d)   such other and further relief as may be just and proper.

## J.  Jury Demand

26.   Plaintiff demands a jury trial, and tenders the appropriate fee with this petition.

## K.  Prayer

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that Defendant be cited to appear and answer herein and upon final hearing hereof, Plaintiff has judgment of and against Defendant as follows:

(a)   a declaratory judgment be entered that Defendant's conduct violated the Texas Deceptive Trade Practices Act;

(b)   an award for all actual damages, exemplary damages, emotional/mental anguish damages, all attorneys fees, costs of court, and pre-judgment and post-judgment interest at the highest lawful rates.

(c)   seeks an award of discretionary additional damages in an amount not to exceed three times the amount of economic damages if Defendant's conduct is found to   have been committed knowingly; or an amount not

Plaintiff's Original Petition

to exceed three times the amount of economic and mental anguish damages if Defendant's conduct is found to have been committed intentionally.

(d)    such other and further relief as may be just and proper.

Respectfully Submitted,
Weisberg and Meyers, LLC

By: _____
Dennis R. Kurz
Texas Bar No. 24068183
5925 Almeda Road
#20818
Houston TX 77004
Tel. 512-436-0036 ext. 116
Fax  866-317-2674
ATTORNEY FOR PLAINTIFF

Page 7 of 7